**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 10-05542-DD |
| Forest Grove, LLC, | Chapter 11 |
| Debtor. | ORDER DENYING MOTION TO ALTER OR AMEND AND MOTION TO STAY DISMISSAL |

This matter is before the Court on a Motion to Alter or Amend Order of Dismissal ("Motion to Alter or Amend") and a Motion for Stay of Dismissal Order ("Stay Motion") filed on March 18, 2011 by Forest Grove, LLC ("Debtor"). Objections to both motions were filed on March 28, 2011 by Ameris Bank ("Ameris"). A hearing was held March 29, 2011. Pursuant to Federal Rule of Civil Procedure 52, which is made applicable to this matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c), the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

Debtor filed for chapter 11 relief on August 2, 2010. Debtor filed its original disclosure statement ("Disclosure Statement") and plan ("Plan") on November 18, 2010. Ameris filed an objection to Debtor's Disclosure Statement and a Motion to Dismiss ("Ameris's Motion") on December 28, 2010. Debtor filed a response to Ameris's objection on January 17, 2011. A hearing on Debtor's Disclosure Statement was scheduled for January 18, 2011, but was continued to February 15, 2011, the date Ameris's Motion was scheduled to be heard. Debtor filed an objection to Ameris's Motion and addendums to its Disclosure Statement ("First Addendum") and Plan ("First Plan Addendum") on February 7, 2011. Ameris filed a brief detailing its objections on February 11, 2011. Debtor filed second addendums to its Disclosure

Statement ("Second Addendum") and Plan ("Second Plan Addendum") on February 14, 2011. A hearing was held on Debtor's Disclosure Statement and Addendums and Ameris's Motion on February 15, 2011. On March 3, 2011, the Court entered an Order denying approval of Debtor's Disclosure Statement and dismissing Debtor's case. Debtor filed its Motion to Alter or Amend and Stay Motion on March 17, 2011.

## CONCLUSIONS OF LAW

### I. Motion to Alter or Amend

#### a. Standard for Motions to Alter or Amend

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a court's judgment within 28 days of the entry of the judgment. This rule applies in bankruptcy cases, although the time for filing such motions in bankruptcy cases is reduced to fourteen days. Fed. R. Bankr. P. 9023. Courts considering Rule 59(e) motions have stated that there are only three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *Clark v. Experian Info. Solutions, Inc.*, 2001 WL 1946329, at *5 (D.S.C. Mar. 19, 2001). Thus, in order for its Motion to Alter or Amend to be granted, Debtor must show that one of these three grounds is applicable to its case. The first two grounds are not applicable here, as there has been no change in the law since the entry of the Court's Order, and Debtor did not present any new evidence that was not available at the time of the hearing on Ameris's Motion. As a result, in order for the Court to grant Debtor relief, Debtor must show that there was some clear error or manifest injustice in the Court's Order dismissing its case. For the reasons set forth below, Debtor cannot do so, and its Motion to Alter or Amend is denied.

      b.   Local Rule 3016-1(c)

Debtor relies on two main arguments in support of its Motion to Alter or Amend. First, Debtor argues that if no disclosure statement has been denied in a debtor's case, Local Rule 3016-1(c) provides the debtor with an opportunity to cure any deficiencies in a disclosure statement within fourteen (14) days of a hearing on the disclosure statement. Debtor states that because the Court did not enter an order denying approval of its Disclosure Statement prior to the March 3 Order dismissing Debtor's case, Debtor should have been given fourteen days to correct the problems with its Disclosure Statement.

Federal Rule of Bankruptcy Procedure 9029(a) gives courts the authority to "make and amend rules of practice and procedure" as long as those rules are consistent with Acts of Congress and do not "prohibit or limit the use of the Official Forms." These local rules cannot "create, modify or abrogate substantive rights" but instead regulate practice and procedure before this Court on matters where there is no other controlling law. SC LBR 1001-1(b)(1); 28 U.S.C. § 2075. "'[A] rule that impermissibly alters substantive rights is one that modifies "the rules of decision by which [a] court [resolves disputes].""" *In re Runkle*, 333 B.R. 734, 737 (Bankr. D. Md. 2005) (quoting *In re Greene*, 223 F.3d 1064, 1071–72 (9th Cir. 2000)).

SC LBR 3016-1(c) states:

> If any plan of reorganization or disclosure statement filed by the debtor, trustee, or other plan proponent is not confirmed or approved by the Court, any amendment, modification, or supplement necessary to correct the deficiency must be filed within fourteen (14) days or whatever time period the Court may require. Failure to timely comply may be deemed a failure to prosecute the case and may constitute grounds for dismissal or conversion without further notice or hearing.

Debtor's argument is essentially that because approval of its Disclosure Statement was never previously denied, it is entitled to a fourteen day period to amend its Disclosure Statement before the Court can consider Ameris's Motion. Debtor's argument must fail. If SC LBR 3016-1(c) did

in fact entitle a debtor to a fourteen day amendment period upon denial of its disclosure statement, this Rule would create a substantive right. As set forth above, local rules cannot create substantive rights, and therefore this construction of Rule 3016-1(c) cannot be correct. SC LBR 3016-1(c) is a procedural mechanism to advance case progress, merely providing that in the event a disclosure statement or plan is not approved, any modification to that document, if filed, must be filed within fourteen days. SC LBR 3016-1(c) does not create a safe harbor or guarantee two chances to obtain disclosure statement approval before a case can be dismissed.

Debtor filed a disclosure statement and added information twice, yet its Disclosure Statement remained deficient. Debtor had the benefit of one continuance of the Disclosure Statement hearing as well, but all to no avail. In addition to the lack of adequate information in the Disclosure Statement, it was apparent that Debtor would not be able to confirm its Plan. "[A] court may deny approval of a disclosure statement, even if it is not by itself deficient, if a debtor's plan has no hope of being confirmed." *In re Forest Grove, LLC*, No. 10-05542-dd, 2011 WL 761231, at *5 (Bankr. D.S.C. Mar. 3, 2011) (citing *In re Bermuda Bay, LLC*, Nos. 09-32133 and 09-32130, 2009 WL 5218071, at *3 (Bankr. E.D. Va. Dec. 31, 2009)). Debtor had no right to an additional period of time to provide an adequate disclosure statement before the Court considered Ameris's Motion. Additional time would not have remedied the underlying problem, the absence of a reasonable prospect for successful reorganization.

c. Section 1112

Debtor's second argument is that the Court's Order erred in finding that cause existed for dismissal under 11 U.S.C. § 1112(b)(4)(A). Debtor primarily relies on the fact that there was no evidence presented to the Court indicating that Debtor's property was declining in value. In

dismissing Debtor's case, the Court primarily relied on section 1112(b).[1]  Section 1112(b)(1) provides:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

A nonexclusive list of circumstances constituting cause is set forth in section 1112(b)(4).  One such circumstance is set forth in subsection (A), which states that cause exists if there is "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).  This Court has very recently discussed in detail the two-step analysis that must be undertaken under this subsection of section 1112(b)(4).  First, the Court must determine whether the debtor, post-petition, has failed to produce positive cash flow, or alternatively, whether the debtor's asset values are declining. *In re Om Shivai, Inc.*, No. 10-04588-dd, 2011 WL 1227773, at *4 (Bankr. D.S.C. Apr. 1, 2011) (quoting *In re Landmark Atl. Hess Farm, LLC*, No. 10-24656-DK, 2011 WL 831724, at *4 (Bankr. D. Md. Mar. 3, 2011)).  Second, the Court must determine that the debtor has no chance of rehabilitation. *Id.*  Rehabilitation is different than reorganization; showing an ability to rehabilitate requires a showing that the debtor has actual business prospects and can "'re-establish [itself] on a firm, sound basis.'" *Id.* (quoting *In re Landmark Atl. Hess Farm, LLC*, No. 10-24656-DK, 2011 WL 831724, at *4 (Bankr. D. Md. Mar. 3, 2011)).

---

[1] The Court did not consider or apply the December 2010 technical amendments. *See* Bankruptcy Technical Corrections Act of 2010, Pub. L. No. 111-327, 124 Stat. 3557 (Dec. 22, 2010).  It relied on the less stringent pre-amendment statutory text. *See In re Ashley Oaks Dev. Corp.*, No. 10-04801-jw, slip op., at 6 (Bankr. D.S.C. Mar. 29, 2011) ("[T]he defense to a motion to dismiss or convert appears more limited as it is now found solely in § 1112(b)(2).") (citing *In re Landmark Atl. Hess Farm, LLC*, No. 10-24656-DK, 2011 WL 831724, at *4 (Bankr. D. Md. Mar. 3, 2011)).

Both prongs of this test are met. Debtor's monthly operating reports show no income. Debtor claimed throughout its case that Mr. Nickey Maxey, the manager and caretaker of Debtor's property and the trustee of the CLM Irrevocable Trust, would pay $2,000 per month in rent for the residence located on the property and would, if necessary, make additional contributions to Debtor. However, it appears that these monthly rent payments never materialized and throughout Debtor's case, no evidence was presented to establish Mr. Maxey's actual ability to make these payments, despite repeated requests for such information. Debtor's monthly operating reports consistently showed negative cash profits, and the two most recent reports showed declining amounts of cash on hand. Under these circumstances, it is immaterial whether or not Debtor's assets are declining in value, as it is clear that the first prong of the section 1112(b)(4)(A) analysis was met. *See In re Ashley Oaks Dev. Corp.*, No. 10-04801-jw, slip op., at 8 (Bankr. D.S.C. Mar. 29, 2011) (finding that the first prong of the section 1112(b)(4)(A) analysis was met based on continually decreasing cash available for operations).

Debtor also had no chance of rehabilitation. Debtor stated in its Disclosure Statement that it had the potential to earn income from a variety of endeavors, including harvesting of timber, a hunting preserve, and subdivision and sale of small lots. As the Court stated in its Order dismissing Debtor's case, "[N]o information is provided concerning the market for these endeavors or the income and expenses associated with them." *In re Forest Grove, LLC*, No. 10-05542-dd, 2011 WL 761231, at *4 (Bankr. D.S.C. Mar. 3, 2011). Debtor proposed to convey the equestrian facility located on Debtor's property to Ameris in its Plan; as a result, the facility could not be a future source of income for Debtor. Debtor's Plan appeared to rely entirely on contributions from Mr. Maxey. However, as stated above, no evidence was presented to show Mr. Maxey's ability to make any contributions to Debtor. Debtor did not have a reasonable

likelihood of rehabilitation; as a result, the second prong of the section 1112(b)(4)(A) analysis was met.

Because both prongs of section 1112(b)(4)(A) were satisfied, cause existed for dismissal. Further, section 1112(b)(2) was not met.[2] Debtor did not establish any unusual circumstances and did not show a reasonable likelihood that it could ever confirm a plan. Additionally, because the Court found that cause was established under section 1112(b)(4)(A), Debtor could not meet the requirements of section 1112(b)(2)(B). Debtor's case was properly dismissed for cause under section 1112(b)(4)(A).

## II. Motion to Stay Dismissal Order

Debtor requested that the Court stay the Order dismissing its case until its Motion to Alter or Amend is resolved, because a foreclosure sale was scheduled to take place on April 4, 2011, and if the sale took place, "the bankruptcy estate and all other creditors in this case will be irreparably harmed." Debtor's Stay Motion, docket entry #64. Debtor's Stay Motion did not state any further basis for relief.

In *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365 (2008) the United States Supreme Court set out a four-part test which this Court is required to use in deciding requests for injunctions. *See Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds*, 130 S. Ct. 2371

---

[2] 11 U.S.C. § 1112(b)(2) states:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that – (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) – (i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court.

(2010); *In re Carolina Park Assoc., LLC*, No. 10-cv-1805-DCN, at 4 n.3 (D.S.C. July 12, 2010) ("Although the court has not found a case that explicitly applies *Winter* in the motion to stay context, the court has analyzed CPA's motion under both [the *Blackwelder Furniture* and *Winter*] standards and the result under either is the same-the motion to stay must be denied.") The test requires a movant to prove: "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 129 S. Ct. at 374.  This Court now applies the *Winter* test to motions for stay pending appeal.

Debtor did not meet this test.  First, Debtor did not set forth any specific facts or arguments in its Stay Motion that would satisfy any of these elements.  Additionally, at the hearing on its Stay Motion, Debtor did not establish the four requirements set forth in *Winter*. Most significantly, Debtor did not establish it would suffer irreparable harm if the Court's Order was not stayed.  To make a showing of irreparable harm, a movant must usually show that money damages or a later court decision will be inadequate to remedy the harm suffered. *MicroAire Surgical Instruments, LLC v. Arthrex, Inc.*, 726 F. Supp. 2d 604, 634 (W.D. Va. 2010) (quoting *Canon, Inc. v. GCC Int'l, Ltd.*, 263 Fed. Appx. 57, 62 (Fed. Cir. 2008)).  A possibility that irreparable harm could occur is not sufficient; rather, a movant must show that irreparable injury is *likely*. *Winter*, 129 S. Ct. at 375–76 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.") (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  Debtor's counsel stated at the hearing that Debtor is currently attempting to exercise its rights in state court. Debtor's counsel also stated that Debtor would attempt to purchase the property at the

foreclosure sale.  Under these circumstances, Debtor has not shown irreparable harm.  It is clear that Debtor has an alternative avenue for relief, as Debtor is already moving forward in state court.  Additionally, it appears that the harm to Debtor, if any, could be adequately remedied by an award of monetary damages.  *See Carolina Park*, 2:10-cv-1805-DCN, at 5 (rejecting an "impending foreclosure sale, and resulting loss of the property" as constituting irreparable harm).  Debtor did not show that it will suffer irreparable harm in the absence of a stay of the Court's Order.

Since Debtor must meet all four requirements of the *Winter* test in order to be entitled to a stay, the Court need not consider the remaining three requirements, as Debtor did not show any likelihood of irreparable harm.  Because Debtor did not satisfy the standard articulated in *Winter*, Debtor was not entitled to a stay of the Court's Order dismissing its case.  Debtor's Stay Motion is denied.

## CONCLUSION

Debtor's Motion to Alter or Amend and Stay Motion are denied.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**04/07/2011**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 04/08/2011