**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **10-05542-dd**

**ORDER ON MOTION TO QUASH**

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**04/07/2011**



/s/ David R. Duncan

David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 04/08/2011

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Forest Grove, LLC,<br><br><br><br>Debtor. | C/A No. 10-05542-DD<br><br>Chapter 11<br><br>**ORDER GRANTING MOTION TO QUASH SUBPOENA** |

This matter is before the Court on a Motion to Quash Subpoena ("Motion") filed by Ameris Bank ("Ameris") on March 28, 2011. Ameris's Motion requests that the Court quash a subpoena issued by counsel for Forest Grove, LLC ("Debtor") on March 24, 2011. The subpoena required Milliken Forestry, Co. ("Milliken"), a company retained by Ameris's counsel to prepare an appraisal of Debtor's property in connection with anticipated litigation in this case, to produce "all real estate appraisals, reports or other documentation" prepared for or on behalf of Ameris. Ameris's Motion, docket entry # 76. The subpoena also required an appraiser to attend a hearing scheduled for March 29, 2011. The deadline for production was March 28, 2011 at 12:00 p.m. Ameris's counsel first learned of the subpoena on March 28, 2011 at 10:04 a.m.

### I. Production of Documents

Rule 9016 of the Federal Rules of Bankruptcy Procedure provides, "Rule 45 F.R.Civ. P. applies in cases under the [Bankruptcy] Code." Federal Rule of Civil Procedure 45(c)(3) governs quashing or modifying subpoenas and states:

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule

        45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.

Rule 45(c)(2)(B) provides that if a subpoena requires production of "documents or tangible things," the person who is required to produce such information may object to the production "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(c)(2)(B).

In the present case, Ameris's counsel first learned of the subpoena served on Milliken less than two hours before the production deadline. Milliken apparently received the subpoena on the previous Friday, three days before the production deadline, and produced the requested documents before consulting with Ameris's counsel due to the short period of time before the deadline. Because Debtor served its subpoena on Milliken a mere three days before the production deadline and failed to notify Ameris's counsel until immediately before production was due, Ameris's counsel did not have a reasonable time either to object or comply with the subpoena. As a result, the subpoena was procedurally defective under Federal Rule of Civil Procedure 45, made applicable to bankruptcy proceedings by Fed. R. Bankr. P. Rule 9016. The portion of the subpoena commanding production of certain appraisal documents in Milliken's possession is quashed.

**II. Appearance of Appraiser**

The subpoena served by Debtor also required an appraiser from Milliken to attend the March 29 hearing. This request is also improper. The March 29 hearing was scheduled to consider Debtor's Motion to Alter or Amend Order of Dismissal and Motion for Stay of Dismissal Order. Generally, a Court should amend a judgment in only three situations: "(1) to

accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Almy v. Sebelius*, No. RDB-08-1245, 2010 WL 4323200, at *2 (D. Md. Oct. 29, 2010). A motion to alter or amend "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment.'" *Id.* (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). If a party attempts to present newly discovered evidence in support of its motion to alter or amend, he "'must produce a legitimate justification for not presenting the evidence during the earlier proceeding.'" *Id.* (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

In Debtor's case, the portion of the subpoena requiring the appraiser's appearance is quashed. First, any testimony the appraiser would give regarding the value of the property is not newly discovered evidence. The Milliken appraisal was completed several months ago, while Debtor's case was still pending. If Debtor wished to use this information in support of its case, it should have done so before its case was dismissed. There has been no change in the law since the dismissal of Debtor's case and even if there was, the appraiser's testimony would likely not relate in any way to such a change. Finally, the dismissal of Debtor's case was justified and did not constitute a "clear error of law" or a "manifest injustice." As set forth in detail in this Court's separate Order on Debtor's Motion to Alter or Amend, after re-evaluation, the Court finds that cause clearly existed for dismissal of Debtor's case. Debtor cannot show that any of the three situations set forth above apply in this case.

Because the Court's Order dismissing Debtor's case was not based on any valuation of Debtor's property, the appraiser's testimony is irrelevant to the consideration of Debtor's Motion to Alter or Amend. As set forth in the Court's separate Order on Debtor's Motion to Alter or

Amend, cause for dismissal exists due to Debtor's lack of income and inability to rehabilitate itself. As a result, any testimony the appraiser would give regarding the valuation of Debtor's property would have no bearing on the Court's determination as to whether Debtor's Motion to Alter or Amend should be granted. The appraiser's testimony was simply not relevant for the purposes of the March 29 hearing.

At the March 29 hearing, Debtor made some reference to an issue of a privilege and the subsequent waiver by Ameris of that privilege. The Court knows nothing about this potential privilege issue and will not consider it now. To the extent that this issue would have some bearing on Debtor's case, it should have been raised during the pendency of Debtor's case. Because it was not, Debtor cannot suddenly raise this issue for the first time now, after its case has been dismissed. Any privilege or waiver issues are not relevant to the matters now before the Court.

## **CONCLUSION**

For the reasons set forth above, the subpoena served by Debtor is improper in its entirety. Ameris's Motion is granted. Debtor's subpoena is quashed. The documents requested in the subpoena and the subpoenaed appraiser's testimony were not considered at the March 29 hearing on Debtor's Motion to Alter or Amend.

AND IT IS SO ORDERED.